IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


KENNETH C. ANDERSON,
    Petitioner,

vs.                                               Case No. 3:07cv469/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

       This matter is before the court on Respondent's motion to dismiss Grounds 1 through 5 of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 9).  Respondent seeks dismissal of Grounds 1–5 on the ground that they are untimely (*id.*).  Petitioner filed a response to the motion to dismiss in which he agrees with Respondent's position that Grounds 1–5 are untimely and requests that the court proceed on Ground 6 of his petition (Doc. 13).[1]

       Even liberal construction of Petitioner's pro se response to the motion to dismiss does not yield opposition to dismissal of Grounds 1–5, and it is inappropriate for the court to expand the legal parameters of the timeliness issue beyond those framed by the positions of the parties.  *Cf.* GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (in civil rights action in which qualified immunity is asserted on the part of individual government officials, the court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity) (citing Doubleday & Co. v. Curtis, 763 F.2d 495, 502 (2d Cir. 1985) ("Among the cardinal principles of our Anglo-American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and

---

[1]After filing his response to the motion to dismiss, Petitioner filed a motion to stay this case until final resolution of Murphy v. Secretary, Department of Corrections, No. 8:06cv163-T-17EAJ, 2007 WL 1987705, at *4 (M.D. Fla. Jan. 22, 2007), by the Eleventh Circuit Court of Appeals because Respondent asserted that disposition of Murphy may impact disposition of the motion to dismiss in the instant case (*see* Doc. 9 at 12, 14 n.2; Doc. 16).  Respondent did not oppose the motion for stay (*see* Doc. 18); therefore, on May 12, 2008, the undersigned stayed this case pending a final decision by the Eleventh Circuit in Murphy (Doc. 19).  On June 2, 2008, Respondent filed a notice stating that the Eleventh Circuit issued an opinion in Murphy, but it did not discuss the issue that impacted the motion to dismiss in the instant case (Doc. 20, attached opinion).  In light of the Eleventh Circuit's final disposition of Murphy, it is appropriate to lift the stay in this case and address Respondent's motion to dismiss.

may not be expanded sua sponte by the trial judge.")).  In light of the parties' agreement that Grounds 1–5 should be dismissed, the undersigned concludes that the motion to dismiss should be granted.

Accordingly, it is **ORDERED**:

The stay imposed by the court on May 12, 2008 (Doc. 19) is hereby **LIFTED**.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 9) be **GRANTED**.

2. That Grounds 1–5 of the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice**.

3. That this matter be referred to the undersigned for further proceedings on Ground 6 of the petition.

At Pensacola, Florida, this 2nd day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**